**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| JUNK FOOD CUSTOM ARCADES, LLC<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>HIT BOX LLC.<br><br>　　Defendant. | CIVIL ACTION NO:<br>_____ |

**COMPLAINT FOR DECLARATORY JUDGMENT OF INVALIDITY AND NON-INFRINGEMENT OF U.S. PATENT NO. 10,022,623, AND VIOLATION OF GEORGIA'S FAIR BUSINESS PRACTICES ACT**

Plaintiff Junk Food Custom Arcades, LLC ("JFCA"), hereby asserts its Complaint against Defendant Hit Box LLC ("Hit Box") as follows:

## THE PARTIES

1. JFCA is a Georgia company with its headquarters located at 3050 Vaughan Drive, Cumming, Georgia 30041. JCFA manufactures and sells innovative gaming consoles.

2. Defendant Hit Box, upon information and belief, is a Nevada limited liability corporation that is a competitor of JFCA in the market for gaming

consoles. Upon information and belief, Hit Box is the owner of the U.S. Patent No. 10,022,623 (the "623 Patent"), purportedly setting forth a novel "Ergonomically Correct Game Controller."

3. Defendant can be served this complaint via its registered agent Shawn C. Huffer at 2568 Wiltshire Ave, Henderson, NV, 89052.

## NATURE OF THE ACTION

4. Defendant Hit Box, through its counsel, sent a letter to JFCA on November 9, 2021 (the "Nov. 9 Letter") making express charges that JFCA's Snack Box Micro and Snack Box V2 gaming consoles infringe at least claims 1 and 10 of the 623 Patent. (The Nov. 9 Letter is attached hereto as Exhibit A.) The Nov. 9 Letter contained no factual analysis, as it must, to support the infringement charges (*e.g.* that the 623 Patent is valid and these products meet each and every limitation of at least one claim of the 623 Patent). The Nov. 9 Letter thus creates an actual case and controversy regarding whether JFCA's products infringe any valid claims of the 623 Patent.

5. JFCA hereby seeks a declaratory judgment against Defendant Hit Box that Hit Box's 623 Patent is invalid and not infringed by JFCA, and that Hit Box has violated Georgia's Fair Business Practices Act by asserting claims of

infringement without supporting analysis in violation of O.C.G.A. §§ 10-1-771, 10-1-773.

## **JURISDICTION AND VENUE**

6.  This Court has federal subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, as the declaratory judgment claims are asserted under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2204.

7.  This Court has supplemental jurisdiction, under 28 U.S.C. § 1367, over the state law claim for violation of the Georgia Fair Business Practices Act as this claim is so related to the federal declaratory judgment claims that they form part of the same case and controversy.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims (*i.e.*, the sending of the Nov. 9 Letter to JFCA in Cumming, Georgia) occurred in this judicial district.

9.  This Court has personal jurisdiction, including pursuant to O.C.G.A. § 9-10-91, over Defendant Hit Box as the sending of the Nov. 9 Letter establishes minimum contacts in Georgia and constitutes the commission of a tortious act in Georgia.

## COUNT I: DECLARATORY JUDGMENT OF INVALIDITY OF THE 623 PATENT

10. JFCA hereby incorporates by reference Paragraphs 1-9 of this Complaint as if asserted herein.

11. Defendant Hit Box's assertions of infringement in the Nov. 9 Letter raise a case and controversy regarding the validity of the claims of the 623 Patent – by charging infringement, Defendant Hit Box necessarily asserts that the claims are valid.

12. Upon information and belief and based on present investigation, the claims of the 623 Patent are invalid at least because they violate 35 U.S.C. §§ 101, 102, 103 and/or 112. For instance, the claims of the 623 Patent violate Section 101 because they encompass no more than an abstract idea (configuring buttons on a game controller in accord with the natural positions of fingers on hands) that is implemented with routine, commonplace and well understood technology (*e.g.*, PCB model No. PS360); assuming Hit Box's apparent unduly broad construction of its claims, the claims are anticipated and/or obvious in light of the prior art in violation of Sections 102 and 103; finally, the claims are indefinite in violation of Section 112 as they fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention.

13. The case and controversy thus should be resolved through a judgment that the claims of the 623 Patent are invalid.

## COUNT II: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE 623 PATENT

14. JFCA hereby incorporates by reference Paragraphs 1-9 of this Complaint as if asserted herein.

15. Defendant Hit Box's assertions of infringement in the Nov. 9 Letter raise a case and controversy regarding the alleged infringement by JFCA of the claims of the 623 Patent.

16. Upon information and belief and based on current investigation and assuming a reasonable claim construction, the Snack Box Micro and Snack Box V2 products do not infringe the claims of the 623 Patent at least because certain of the right function buttons of both accused products extend in part over the middle boundary, and Snack Box Micro does not have "push buttons."

17. The case and controversy thus should be resolved through a judgment that the Snack Box Micro and Snack Box V2 products do not infringe the claims of the 623 Patent.

## COUNT III: VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

18. JFCA hereby incorporates by reference Paragraphs 1-9 of this Complaint as if asserted herein.

19. The Georgia Fair Business Practices Act, O.C.G.A. § 10-1-771, requires that a party asserting charges of infringement provide detailed, factual support for the charges. The letter must provide "[f]actual allegations concerning the specific areas in which the target's products, services, and technology infringe the patent or are covered by the claims in the patent."

20. O.C.G.A. § 10-1-773 provides for a private right of action for violations of Section 771, with remedies including injunctive relief, and general and exemplary damages including punitive damages and expenses of litigation.

21. The Nov. 9 Letter violated Section 10-1-771 by failing to provide the requisite factual allegations allegedly supporting the claims of infringement. Even when put on notice of the requirements of Section 10-1-771, Defendant Hit Box simply provided a flawed chart as to Snake Box V2 and nothing as to Snack Box Micro.

22. As a proximate result of the Nov. 9 Letter, JFCA has suffered actual damages including but not limited to the time, expense and attorneys' fees incurred in responding to the letter and drafting this Complaint.

## PLAINTIFF'S REQUEST FOR RELIEF

JFCA hereby respectfully requests the following relief:

1. A judgment that each claim of the 623 Patent is invalid.

2. A judgment that JFCA's Snack Box Micro and Snack Box V2 do not infringe any claims of the 623 Patent.

3. An injunction against Defendant Hit Box threatening JFCA with claims of infringement of the 623 Patent in the future.

4. Actual damages including but not limited to the time, expense and attorneys' fees incurred in responding to the letter, drafting this Complaint and prosecuting the Complaint.

5. Punitive damages.

6. Such other relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

JFCA hereby demands a jury trial on all claims appropriate for trial by jury, and a speedy hearing pursuant to Rule 57 of the Federal Rules of Civil Procedure.

Respectfully submitted, this 6th day of December, 2021.

          HILL, KERTSCHER & WHARTON, LLP

          */s/* John L. North
          John L. North (Georgia Bar No. 545580)
          Martha L. Decker (Georgia Bar No. 420867)
          3625 Cumberland Blvd., Suite 1050
          Atlanta, Georgia 30339
          Telephone: (770) 953-0995
          Facsimile: (770) 953-1358
          Email: jln@hkw-law.com
             md@hkw-law.com

          *Attorneys for Plaintiff*