**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| JUNK FOOD CUSTOM ARCADES, LLC | CIVIL ACTION No: 2:21-cv-00262-RWS |
| *Plaintiff,* | |
| vs. | Hon. Richard W. Story |
| HIT BOX, LLC | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Hit Box, LLC ("Hit Box" or "Defendant"), by and through its undersigned counsel, hereby files its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Junk Food Custom Arcades, LLC's ("JFCA" or "Plaintiff") Complaint for Declaratory Judgement of Invalidity and Non-Infringement of U.S. Patent No. 10,022,623, and Violation of Georgia's Fair Business Practices Act.

## THE PARTIES

1.     JFCA is a Georgia company with its headquarters located at 3050 Vaughan Drive, Cumming, Georgia 30041. JFCA manufactures and sells innovative gaming consoles.

**ANSWER: Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1 and, on that basis, denies them.**

2.     Defendant Hit Box, upon information and belief, is a Nevada limited liability corporation that is a competitor of JFCA in the market for gaming consoles. Upon information and

1

belief, Hit Box is the owner of the U.S. Patent No. 10,022,623 (the "623 Patent"), purportedly setting forth a novel "Ergonomically Correct Game Controller."

**ANSWER**: **Defendant admits that it is the owner of U.S. Patent No. 10,022,623 which sets forth a novel "Ergonomically Correct Game Controller," but denies the remaining allegations in paragraph 2.**

3.      Defendant can be served this complaint via its registered agent Shawn C. Huffer at 2568 Wiltshire Ave, Henderson, NV, 89052.

**ANSWER**: **Defendant admits that it can be served via its register agent Shawn C. Huffer, but asserts that service is proper at 3111 S. Valley View, Las Vegas, NV 89102.**

## NATURE OF THE ACTION

4.      Defendant Hit Box, through its counsel, sent a letter to JFCA on November 9, 2021 (the "Nov. 9 Letter") making express charges that JFCA's Snack Box Micro and Snack Box V2 gaming consoles infringe at least claims 1 and 10 of the 623 Patent. (The Nov. 9 Letter is attached hereto as Exhibit A.) The Nov. 9 Letter contained no factual analysis, as it must, to support the infringement charges (e.g. that the 623 Patent is valid and these products meet each and every limitation of at least one claim of the 623 Patent). The Nov. 9 Letter thus creates an actual case and controversy regarding whether JFCA's products infringe any valid claims of the 623 Patent.

**ANSWER**: **Plaintiff's allegations in Paragraph 4 contain legal conclusions that Defendant is not required to admit or deny, but to the extent that any response is required, Defendant admits that it sent a letter to Plaintiff on November 9, 2021 and denies all remaining allegations contained in Paragraph 4.**

5.     JFCA hereby seeks a declaratory judgment against Defendant Hit Box that Hit Box's 623 Patent is invalid and not infringed by JFCA, and that Hit Box has violated Georgia's Fair Business Practices Act by asserting claims of infringement without supporting analysis in violation of O.C.G.A. §§ 10-1- 771, 10-1-773

**ANSWER: Defendant admits that Plaintiff purports to bring this action seeking declaratory judgement and violations of Georgia's Fair Business Practices Act. Except as expressly admitted, Defendant denies any remaining allegations contained in Paragraph 5 of the Complaint.**

## JURISDICTION AND VENUE

6.     This Court has federal subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, as the declaratory judgment claims are asserted under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2204.

**ANSWER: Plaintiff's allegations in Paragraph 6 contain legal conclusions that Defendant is not required to admit or deny. To the extent that a response is required, Defendant admits that this Court has subject matter jurisdiction.**

7.     This Court has supplemental jurisdiction, under 28 U.S.C. § 1367, over the state law claim for violation of the Georgia Fair Business Practices Act as this claim is so related to the federal declaratory judgment claims that they form part of the same case and controversy.

**ANSWER: Plaintiff's allegations in Paragraph 7 contain legal conclusions that Defendant is not required to admit or deny.**

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims (i.e., the sending of the Nov. 9 Letter to JFCA in Cumming, Georgia) occurred in this judicial district.

**ANSWER**: **Plaintiff's allegations in Paragraph 8 contain legal conclusions that Defendant is not required to admit or deny. To the extent that a response is required, Defendant denies the allegations in Paragraph 8.**

9.    This Court has personal jurisdiction, including pursuant to O.C.G.A. § 9- 10-91, over Defendant Hit Box as the sending of the Nov. 9 Letter establishes minimum contacts in Georgia and constitutes the commission of a tortious act in Georgia.

**ANSWER**: **Plaintiff's allegations in Paragraph 9 contain legal conclusions that Defendant is not required to admit or deny. To the extent that a response is required, Defendant denies the allegations in Paragraph 9.**

## COUNT I: DECLARATORY JUDGEMENT OF INVALIDITY OF THE 623 PATENT

10.    JFCA hereby incorporates by reference Paragraphs 1-9 of this Complaint as if asserted herein.

**ANSWER**: **Defendant repeats and restates its responses to Paragraphs 1-9 of the Complaint as though fully set forth herein.**

11.    Defendant Hit Box's assertions of infringement in the Nov. 9 Letter raise a case and controversy regarding the validity of the claims of the 623 Patent – by charging infringement, Defendant Hit Box necessarily asserts that the claims are valid.

**ANSWER**: Defendant admits the allegations contained in Paragraph 11.

12. Upon information and belief and based on present investigation, the claims of the 623 Patent are invalid at least because they violate 35 U.S.C. §§ 101, 102, 103 and/or 112. For instance, the claims of the 623 Patent violate Section 101 because they encompass no more than an abstract idea (configuring buttons on a game controller in accord with the natural positions of fingers on hands) that is implemented with routine, commonplace and well understood technology (e.g., PCB model No. PS360); assuming Hit Box's apparent unduly broad construction of its claims, the claims are anticipated and/or obvious in light of the prior art in violation of Sections 102 and 103; finally, the claims are indefinite in violation of Section 112 as they fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention.

**ANSWER**: **Plaintiff's allegations in Paragraph 12 contain legal conclusions that Defendant is not required to admit or deny. To the extent that a response is required, Defendant denies any allegation that any claim of the '623 Patent is invalid, indefinite, and/or unenforceable.**

13. The case and controversy thus should be resolved through a judgment that the claims of the 623 Patent are invalid.

**ANSWER**: **Defendant lacks knowledge or information sufficient to form a belief about the truth of what Plaintiff seeks, but Defendant denies Plaintiff is entitled to any relief.**

## COUNT II: DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF THE 623 PATENT

14. JFCA hereby incorporates by reference Paragraphs 1-9 of this Complaint as if asserted herein.

5

**ANSWER**: **Defendant repeats and restates its responses to Paragraphs 1-13 of the Complaint as though fully set forth herein.**

15. Defendant Hit Box's assertions of infringement in the Nov. 9 Letter raise a case and controversy regarding the alleged infringement by JFCA of the claims of the 623 Patent.

**ANSWER**: **Defendant admits the allegations contained in Paragraph 15.**

16. Upon information and belief and based on current investigation and assuming a reasonable claim construction, the Snack Box Micro and Snack Box V2 products do not infringe the claims of the 623 Patent at least because certain of the right function buttons of both accused products extend in part over the middle boundary, and Snack Box Micro does not have "push buttons."

**ANSWER**: **Defendant denies the allegations contained in Paragraph 16.**

17. The case and controversy thus should be resolved through a judgment that the Snack Box Micro and Snack Box V2 products do not infringe the claims of the 623 Patent.

**ANSWER**: **Defendant lacks knowledge or information sufficient to form a belief about the truth of what Plaintiff seeks, but Defendant denies Plaintiff is entitled to any relief.**

## COUNT III: VIOLATION OF THE GEORGIA
## FAIR BUSINESS PRACTICES ACT

18. JFCA hereby incorporates by reference Paragraphs 1-9 of this Complaint as if asserted herein.

**ANSWER**: **Defendant repeats and restates its responses to Paragraphs 1-17 of the Complaint as though fully set forth herein.**

19.     The Georgia Fair Business Practices Act, O.C.G.A. § 10-1-771, requires that a party asserting charges of infringement provide detailed, factual support for the charges. The letter must provide "[f]actual allegations concerning the specific areas in which the target's products, services, and technology infringe the patent or are covered by the claims in the patent."

**ANSWER**: **Defendant states that the statute speaks for itself.**

20.     O.C.G.A. § 10-1-773 provides for a private right of action for violations of Section 771, with remedies including injunctive relief, and general and exemplary damages including punitive damages and expenses of litigation.

**ANSWER**: **Defendant states that the statute speaks for itself.**

21.     The Nov. 9 Letter violated Section 10-1-771 by failing to provide the requisite factual allegations allegedly supporting the claims of infringement. Even when put on notice of the requirements of Section 10-1-771, Defendant Hit Box simply provided a flawed chart as to Snake Box V2 and nothing as to Snack Box Micro.

**ANSWER**: **Defendant denies the allegations contained in Paragraph 21.**

22.     As a proximate result of the Nov. 9 Letter, JFCA has suffered actual damages including but not limited to the time, expense and attorneys' fees incurred in responding to the letter and drafting this Complaint.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief about the truth of what Plaintiff seeks, but Defendant denies Plaintiff is entitled to any relief.

## PLAINTIFF'S REQUEST FOR RELIEF

JFCA hereby respectfully requests the following relief:

1. A judgment that each claim of the 623 Patent is invalid.

2. A judgment that JFCA's Snack Box Micro and Snack Box V2 do not infringe any claims of the 623 Patent.

3. An injunction against Defendant Hit Box threatening JFCA with claims of infringement of the 623 Patent in the future.

4. Actual damages including but not limited to the time, expense and attorneys' fees incurred in responding to the letter, drafting this Complaint and prosecuting the Complaint.

5. Punitive damages.

6. Such other relief as the Court deems just and appropriate.

**ANSWER**: The remainder of Plaintiff's Complaint, Paragraphs 1 through 6 in Plaintiff's Request for Relief, merely recite a prayer for relief to which no response is required. To the extent any response is required, Defendant denies that Plaintiff is entitled to any remedy for relief.

## DEMAND FOR JURY TRIAL

JFCA hereby demands a jury trial on all claims appropriate for trial by jury, and a speedy hearing pursuant to Rule 57 of the Federal Rules of Civil Procedure.

**ANSWER**: Defendant acknowledges Plaintiff's demand and states that it does not dispute Plaintiff's right to a trial by jury on any issue so triable as of right.

**RESIDUAL DENIAL:** Defendant denies as untrue each and every allegation of the Complaint that is not specifically admitted above.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burden that it would not otherwise bear, and reserving its right to assert additional defenses, Defendant asserts that:

### FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

The Complaint fails, in whole or in part, to state a claim on which relief can be granted.

### SECOND DEFENSE
### (VALIDITY)

Defendant's 623 Patent is valid.

### THIRD DEFENSE
### (INFRINGEMENT)

Plaintiff has infringed one or more claims of Defendant's 623 Patent.

### FOURTH DEFENSE
### (UNCLEAN HANDS)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH DEFENSE
### (NO DAMAGE)

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## SIXTH DEFENSE
## (LACK OF IRREPARABLE HARM)

Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendant's actions

## HIT BOX LLC'S COUNTERCLAIMS AGAINST PLAINTIFF

Defendant/Counterclaimant Hit Box, LLC ("Hit Box") for its counterclaims against Plaintiff/Counterclaim Defendant Junk Food Custom Arcades, LLC's ("JFCA") alleges as follows:

1.      Hit Box is a Nevada limited liability corporation in the market for gaming consoles. Hit Box is the owner of the U.S. Patent No. 10,022,623 (the "623 Patent"), setting forth a novel "Ergonomically Correct Game Controller."

2.      Upon information and belief, JFCA is a Georgia limited liability company with its headquarters located at 3050 Vaughan Drive, Cumming, Georgia 30041.

## JURISDICTION AND VENUE

3.      This action arises under the patent law of the United States, 35 U.S.C. §§ 100 *et seq.* The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4.      This Court has personal jurisdiction over JFCA because it has purposefully availed itself of the benefits and protections of the laws of Georgia and asserted claims against Hit Box in this District, thereby voluntarily subjecting itself to the Court's jurisdiction.

5.      Venue in this Court is proper under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## GENERAL ALLEGATION

6.      Hit Box was founded by brothers Dustin Huffer and Shawn Huffer in 2011 for the purposes of designing, manufacturing, and selling their novel video game controllers.

7.      Since its inception, Hit Box has become a leader in the video game industry by specializing in all-button arcade style controllers.

8.      On July 17, 2018, U.S. Patent No. 10,022,623 (the "'623 Patent"), entitled, "Ergonomically Correct Game Controller," was duly and legally issued by the U.S. Patent and Trademark Office from U.S. Patent Application No. 13/312,847 which was filed on December 6, 2011. The patent names Dustin Huffer and Shawn Huffer as inventors. A copy of the '623 Patent is attached as **Exhibit A**.

9.      By lawful assignment, Hit Box is the owner of all rights, title, and interest in and to the '623 Patent, including all right to recover for any and all infringement thereof.

10.      Having been duly and legally issued by the U.S. Patent and Trademark Office, the '623 Patent is presumptively valid pursuant to 35 U.S.C. § 282.

11.      The '623 Patent discloses and claims a novel hand operated game controller which utilizes an all-push-button surface with a novel button arrangement. The arrangement of push buttons presents an alternative to traditional gaming controllers and provides the user with greater speed and accuracy in order to facilitate the most efficient play.

12.      Hit Box's highest grossing product, the Hit Box original controller, shown below, is covered by the '623 Patent.



Hit Box Original Controller

13.     Hit Box's growth as a company is due in no small part to its significant investments in research, development, marketing, and protection of its intellectual property rights.

14.     Indeed, Hit Box has previously enforced its rights in the '623 Patent and amicably negotiated a resolution prior to litigation.

15.     In or around October 2021, Hit Box became aware through JFCA's advertising that JFCA intended to offer for exclusive sale its "Snack Box Micro," "Snack Box V2 Buttons Only Addition," and the "Snack Box V2 King Size Buttons Only Addition" (collectively, the "Accused Products") at the CEO gaming convention in December 2021.

16.     Having reviewed JFCA's website, spoken to some of JFCA's customer's and analyzed the Accused Products, Hit Box concluded that JFCA's Accused Products infringed one or more claims of the '623 Patent.

17.     On November 9, 2021, in hopes of reaching a reasonable resolution to JFCA's infringing activities, Hit Box, through its attorney, sent a letter to JFCA to notify JFCA of its Accused Products and request JFCA to immediately abate its infringement.

18.     On November 10, 2021, JFCA, through its attorney, responded to Hit Box's November 9th letter via email to schedule an introductory call and request a chart showing specific areas in which the Accused Products infringe the '623 Patent.

19.     On November 12, 2021, after a call with JFCA's attorney, Hit Box provided a claim chart demonstrating how the Accused Products infringe at least two independent claims of the '623 Patent. As explained to JFCA's attorney, the claim chart was representative of all Accused Products since the only discernable difference between the Accused Products is their proportional size. A copy of the claim chart is attached as **Exhibit B**.

20.     Indeed, as shown in the images below, the Accused Products are effectively identical in configuration and thus the claim charts provided are representative of the Accused Products' infringement of the '623 Patent.



Snack Box V2 – Buttons Only Edition        Snack Box Micro

21.     Seemingly satisfied with the representations made in the claim chart, JFCA entered negotiations with Hit Box to resolve the dispute without the need for litigation.

22.     On December 6, 2021, JFCA abruptly ended settlement discussions with Hit Box and filed this action alleging violations of the Georgia Fair Business Practices Act and seeking declaratory judgement of invalidity and non-infringement of the '623 Patent.

<u>**FIRST COUNTERCLAIM**</u>
**(INFRINGEMENT OF THE '623 PATENT)**

23.     Hit Box reasserts and incorporates by reference the proceeding paragraphs of this Complaint as if fully set forth herein.

24.     JFCA has been and is currently infringing at least claims 1 and 10 of the '623 Patent, in violation of 35 U.S.C. § 271, by making, using, selling, and/or offering for sale, or causing others to make, use, sell, and/or offer to sell infringing systems and devices in the form of the Accused Products.

25.     As described in the claim chart provided to JFCA and further explained below, Claim 1 is exemplary of JFCA's infringement of the '623 Patent. Claim 1 asserts, "A hand operated game controller for controlling a game console, said game controller comprising: an all-push-button game controller surface being flat and extending horizontally between left and right edges and vertically between top and bottom edges, said left and right edges extending inwardly to a middle boundary line." As shown in annotated Photograph 1 below, the Accused Products meet this requirement.



**Photograph 1**

26.     Limitation B of Claim 1 requires, "said game controller surface including a left hand position extending inwardly from said left edge to said middle boundary line and a right hand position extending inwardly from said right edge to said middle boundary line, said left hand position including four movement push buttons and said right hand position including eight

function buttons, each of said buttons having a generally circular shape." As shown in annotated Photograph 2 below, the Accused Products meet this requirement.



**Photograph 2**

27.     Limitation B.1) of Claim 1 requires, "said four movement push buttons including a left movement button disposed closest to said left edge, a down movement button disposed between said left movement button and said middle boundary line and being the same distance to said top edge as said left movement button, a right movement button disposed between said down movement button and said middle boundary line and being closer to said bottom edge than said left and down movement buttons, and an up movement button at least partially disposed on said middle boundary line and being closer to said bottom edge than said right movement button, wherein said left, right, and down movement buttons form an arc-shape layout and said up movement button forms an elliptical- shape layout with said arc-shape layout." As shown in annotated Photographs 3 and 4 below, the Accused Products meet this requirement.



**Photograph 3**



**Photograph 4**

28.     Limitation of Claim B.2) of Claim 1 requires, "said eight function buttons including a top row of four function buttons and a bottom row of four function buttons wherein each of said rows of function buttons includes a first function button and a second function button spaced by a pair of middle function buttons, wherein said middle function buttons are disposed closer to said top edge than said first and second function buttons, and wherein said first row of function buttons

are disposed vertically and linearly adjacent to said second row of function buttons." As shown in annotated Photographs 5 below, the Accused Products meet this requirement.



**Photograph 5**

29. Limitation B.3) of Claim 1 requires, "said up movement button is positioned below said first function buttons and said right movement button, said first function buttons and said right movement buttons being adjacent to said middle boundary line so that said up movement button can be activated with a user's left-hand thumb or the user's right-hand thumb with the left hand positioned directly over said movement buttons and the right hand positioned directly over said function buttons as described in limitations B.1) and B.2) above." As shown in annotated Photographs 6 below, the Accused Products meet this requirement.



**Photograph 6**

30.     Limitation C of Claim 1 requires, "a connection means between said push buttons and said game console, wherein control signals are sent from said plurality of buttons to said game console via said wireless or wired connection means as said plurality of buttons is pushed by the user. As shown in annotated Photographs 7 below, which was taken from JFCA's website, the Accused Products meet this requirement.



**Photograph 7**

31.     On information and belief, JFCA will continue to infringe the '623 Patent unless and until they are enjoined by this Court.

32.     The '623 Patent is valid and enforceable.

33.     Hit Box owns the '623 Patent by virtue of assignments, and has the right to bring this action for infringement.

34.     JFCA has caused and will continue to cause Hit Box irreparable injury and damages as a result of its direct and/or indirect infringement of the '623 Patent. Plaintiff will suffer further irreparable injury, for which there exists no adequate remedy at law, unless and until Defendant is enjoined from infringing the '623 Patent.

35.     Upon information and belief Defendant's infringement of the '623 Patent has been willful.

36.     Plaintiff is entitled to damages under 35 U.S.C. § 284 by virtue of Defendant's infringement of the '623 Patent.

37.     This is an exceptional case warranting an award of attorney's fees to Plaintiff under Plaintiff is entitled to injunctive relief under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

38.     Wherefore, based on the foregoing, Plaintiff prays for judgment against Defendant as follows:

    a.     An entry of judgment that JFCA, their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them be found to have infringed the '623 Patent directly and indirectly;

    b.     An order permanently enjoining JFCA, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them, from making,

using, selling, offering for sale, or importing into the United States products which infringe the '623 Patent;

c. An award of damages adequate to compensate the Plaintiff for JFCA's infringement of the '623 Patent;

d. A post-judgment equitable accounting of damages for the period of infringement of the '623 Patent following the period of damages established by Hit Box at trial;

e. If a permanent injunction is not granted, a judicial determination of the conditions of future infringement such as a royalty bearing compulsory license or such other relief as the Court deems appropriate;

f. A finding that this case is exceptional pursuant to 35 U.S.C. § 285;

g. An award of prejudgment interest, costs and disbursements, enhanced damages and attorney fees; and

h. Such other and further relief as the Court deems Plaintiff may be entitled to in law and equity.

## DEMAND FOR JURY TRIAL

Hit Box hereby demands a jury trial on all claims appropriate for trial by jury, and a speedy hearing pursuant to Rule 57 of the Federal Rules of Civil Procedure.

Dated: February 9, 2022                    Respectfully submitted,

                                           DICKINSON WRIGHT PLLC

                                           */s/ Steven R. Daniels*
                                           Steven R. Daniels
                                           Georgia Bar No. _____

607 W. 3rd Street, Suite 2500
Austin, TX 78701
(512) 770-4200
sdaniels@dickinsonwright.com

Franklin M. Smith
Michigan Bar No. P76987
*to be admitted pro hac vice*
2600 W. Big Beaver Rd., Suite 300
Troy, Michigan 48084
(248) 433-7393
fsmith@dickinsonwright.com

Zachary L. Pelton
Michigan Bar No. P85197
*to be admitted pro hac vice*
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3500
zpelton@dickinsonwright.com

***Attorneys for Defendant/Counterclaimant***

4887-6884-8139 v5 [74428-35]