## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

|  |  |
|---|---|
| JUNK FOOD CUSTOM ARCADES, LLC<br><br>*Plaintiff/Counter-Defendant,*<br><br>vs.<br><br>HIT BOX, LLC<br><br>*Defendant/Counterclaimant.* | CIVIL ACTION No:<br>2:21-cv-00262-RWS<br><br>Hon. Richard W. Story |

### HIT BOX'S ANSWER AND AFFIRMATIVE DEFENSES
### TO JFCA'S FIRST AMENDED COMPLAINT

Defendant Hit Box, LLC ("Hit Box" or "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff Junk Food Custom Arcades, LLC's ("JFCA" or "Plaintiff") First Amended Complaint (ECF No. 30).[1]

### **THE PARTIES**

1.      JFCA is a Georgia company with its headquarters located at 3050 Vaughan Drive, Cumming, Georgia 30041. JFCA manufactures and sells innovative gaming controllers and related technology.

---

[1] Hit Box's previously filed Counterclaim for infringement of U.S. Patent No. 10,022,623 (ECF No. 8) remains unchanged and has not been withdrawn.

1

**ANSWER: Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1 and, on that basis, denies them.**

2.     Defendant Hit Box, upon information and belief, is a Nevada limited liability corporation that is a competitor of JFCA in the market for gaming controllers. Upon information and belief, Hit Box is the owner of the U.S. Patent No. 10,022,623 (the "623 Patent"), purportedly setting forth a novel "Ergonomically Correct Game Controller." (Exhibit A hereto.)

**ANSWER: Defendant admits that it is the owner of U.S. Patent No. 10,022,623 which sets forth a novel invention titled "Ergonomically Correct Game Controller," but denies the remaining allegations in paragraph 2.**

3.     Defendant can be served this First Amended Complaint upon counsel of record for Defendant.

**ANSWER: Defendant admits the allegations contained in Paragraph 3.**

**NATURE OF THE ACTION**

4.     Defendant Hit Box, through its counsel, sent a letter to JFCA on November 9, 2021 (the "November 9 Letter") making express charges that JFCA's Snack Box Micro and Snack Box V2 gaming controllers infringe at least claims 1 and 10 of the 623 Patent. (The November 9 Letter is attached hereto as Exhibit B.) The November 9 Letter contained no factual analysis, as it must, to support the

infringement charges (*e.g.*, that the 623 Patent is valid and these products meet each and every limitation of at least one claim of the 623 Patent). The November 9 Letter thus creates an actual case and controversy regarding whether JFCA's products infringe any valid claims of the 623 Patent.

**ANSWER**: **Plaintiff's allegations in Paragraph 4 contain legal conclusions that Defendant is not required to admit or deny, but to the extent that any response is required, Defendant admits that it sent a letter to Plaintiff on November 9, 2021 and denies all remaining allegations contained in Paragraph 4.**

5.      JFCA hereby seeks a declaratory judgment against Defendant Hit Box that Hit Box's 623 Patent is invalid, is unenforceable as it was procured by inequitable conduct and not infringed by JFCA, and that Hit Box has violated Georgia's Fair Business Practices Act by asserting claims of infringement without supporting analysis and in bad faith in violation of O.C.G.A. §§ 10-1- 771, 10-1- 773.

**ANSWER**: **Defendant admits that Plaintiff purports to bring this action seeking declaratory judgement, a ruling of inequitable conduct, and violations of Georgia's Fair Business Practices Act. Except as expressly admitted, Defendant denies any remaining allegations contained in Paragraph 5 of the Complaint.**

## JURISDICTION AND VENUE

3

6.     This Court has federal subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, as the declaratory judgment claims are asserted under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2204.

**ANSWER: Plaintiff's allegations in Paragraph 6 contain legal conclusions that Defendant is not required to admit or deny. To the extent that a response is required, Defendant admits that this Court has subject matter jurisdiction.**

7.     This Court has supplemental jurisdiction, under 28 U.S.C. § 1367, over the state law claim for violation of the Georgia Fair Business Practices Act as this claim is so related to the federal declaratory judgment claims that they form part of the same case and controversy.

**ANSWER: Plaintiff's allegations in Paragraph 7 contain legal conclusions that Defendant is not required to admit or deny.**

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims (i.e., the sending of the November 9 Letter to JFCA in Cumming, Georgia) occurred in this judicial district.

**ANSWER: Plaintiff's allegations in Paragraph 8 contain legal conclusions that Defendant is not required to admit or deny. To the extent that a response is required, Defendant denies the allegations in Paragraph 8.**

9.      This Court has personal jurisdiction, including pursuant to O.C.G.A. § 9-10-91, over Defendant Hit Box as the sending of the November 9 Letter establishes minimum contacts in Georgia and constitutes the commission of a tortious act in Georgia.

**ANSWER**: **Plaintiff's allegations in Paragraph 9 contain legal conclusions that Defendant is not required to admit or deny. To the extent that a response is required, Defendant denies the allegations in Paragraph 9.**

## COUNT I: DECLARATORY JUDGEMENT OF INVALIDITY OF THE 623 PATENT

10.     JFCA hereby incorporates by reference Paragraphs 1-9 of this Complaint as if asserted herein.

**ANSWER**: **Defendant repeats and restates its responses to Paragraphs 1-9 of the First Amended Complaint as though fully set forth herein.**

11.     Defendant Hit Box's assertions of infringement in the November 9 Letter raise a case and controversy regarding the validity of the claims of the 623 Patent – by charging infringement, Defendant Hit Box necessarily asserts that the claims are valid.

**ANSWER**: **Defendant states that the 623 Patent is presumptively valid as an issued patent pursuant to 35 U.S.C. § 282 and admits there is a current case or controversy resulting from Plaintiff's infringement of the 623 Patent. Defendant denies any other allegations contained in Paragraph 11.**

12.    Upon information and belief and based on present investigation, the claims of the 623 Patent are invalid at least because they violate 35 U.S.C. §§ 101, 102, 103 and/or 112. For instance, the claims of the 623 Patent violate Section 101 because they encompass no more than an abstract idea (configuring buttons on a game controller in accord with the natural positions of fingers on hands) that is implemented with routine, commonplace and well understood technology (e.g., PCB model No. PS360); assuming Hit Box's apparent unduly broad construction of its claims, the claims are anticipated and/or obvious in light of the prior art in violation of Sections 102 and 103; finally, the claims are indefinite in violation of Section 112 as they fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention.

**ANSWER: Plaintiff's allegations in Paragraph 12 contain legal conclusions that Defendant is not required to admit or deny. To the extent that a response is required, Defendant denies any allegation that any claim of the 623 Patent is invalid, indefinite, and/or unenforceable.**

13.    The 623 Patent does not set forth a novel "Ergonomically Correct Controller." Indeed, as early as 1982, industry magazines discussed all button controllers without joysticks such as those claimed to be novel in the 623 Patent. (See, e.g., John Anderson "Joytricks" article in October 1982 edition of Creative Computing, attached hereto as Exhibit C.) And prior to the filing of the application

that led to the 623 Patent, all button gaming controllers with buttons configured the same way as or very similar to embodiments of the 623 Patent were well known. (See, e.g., Superman gamepad from 2009 Flickr attached hereto as Exhibit D.)

**ANSWER: Plaintiff's allegations in Paragraph 13 contain legal conclusions that Defendant is not required to admit or deny. To the extent that a response is required, Defendant denies any allegation that any claim of the 623 Patent is invalid, indefinite, and/or unenforceable.**

14.    The case and controversy thus should be resolved through a judgment that the claims of the 623 Patent are invalid.

**ANSWER: Plaintiff's allegations in Paragraph 14 contain legal conclusions that Defendant is not required to admit or deny. To the extent that a response is required, Defendant denies any allegation that any claim of the 623 Patent is invalid, indefinite, and/or unenforceable.**

## COUNT II: DECLARATORY JUDGEMENT THAT THE 623 PATENT WAS OBTAINED THROUGH INEQUITABLE CONDUCT AND THEREFORE IS UNENFORCEABLE

15.    JFCA hereby incorporates by reference Paragraphs 1-14 of this First Amended Complaint as if asserted herein.

**ANSWER: Defendant repeats and restates its responses to Paragraphs 1-14 of the First Amended Complaint as though fully set forth herein.**

16.     Defendant Hit Box's assertions of infringement in the November 9 Letter raise a case and controversy regarding the alleged infringement by JFCA of the claims of the 623 Patent.

**ANSWER: Defendant admits there is a current case or controversy resulting from Plaintiff's infringement of the 623 Patent. Defendant denies any other allegations contained in Paragraph 16.**

17.     The alleged novelty of the 623 Patent lies in the claim that a controller using buttons only (and no joystick) was something new. It was not, as noted in Count I, and the named inventors/applicants knew it.

**ANSWER: The allegations contained in Paragraph 17 contain legal conclusions that Defendant is not required to admit or deny. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 17.**

18.     Applicants for the 623 Patent filed their provisional patent application on December 6, 2010, and filed the full utility application on December 6, 2011.

**ANSWER: Defendant admits the allegations contained in Paragraph 18.**

19.     Applicants filed their inventors' oath on December 5, 2011 in which they acknowledge their duty to disclose information material to the prosecution of the application, as defined under 37 CFR § 1.56. Applicants also declared that all statements were true with knowledge that willfully false statements could be

punishable by fine and imprisonment, and jeopardize any patent that issued from the application.

**ANSWER**: **Defendant admits the allegations contained in Paragraph 19.**

20.     Throughout the prosecution of the application that led to the issuance of the 623 Patent, however, Applicants disclosed no Prior Art to the examiner other than the one piece of prior art shown in Figure 1 of the Application. However, this piece of Prior Art showed a controller with joysticks – very different than the alleged inventive controller operated with buttons and without joysticks. Applicants made no disclosures of the then existing Prior Art game controllers that had buttons only and no joysticks.

**ANSWER**: **Defendant admits that it identified prior art shown in Figure 1 of the '623 Patent during prosecution. To the extent Paragraph 20 contains other factual aversions then Defendant denies any such allegations or characterizations.**

21.     Throughout the prosecution of the application that led to the issuance of the 623, however, the evidence shows, and upon information and belief, Applicants had actual knowledge regarding Prior Art that was highly relevant to the alleged invention set forth in the application. For instance,

a. On June 7, 2010, the Shoryuken.com forum, a well-known and widely viewed forum in the gaming world, showed an image of a game controller with directional buttons and no joystick.



b. At the EVO 2009 gaming show, there are images dated July 21, 2009, of a user (Ryu1999) using a controller with directional buttons (and no joystick):



c. In a November 16, 2010 interview the Applicants acknowledged that they were aware of controllers using key sticks (i.e., buttons and no joy sticks).

d. The provisional application, filed December 6, 2010, included figures/embodiments similar to the above controller configurations. (Exhibit E attached hereto.)



e. On December 6, 2010, Applicants announced on Shoryuken.com the release of their Hit Box product.

f. The next day, on December 7, 2010 in response to Applicants' post, HLCWS posted a photo of a previously displayed keystick project (see above, 6.7.210).



g. On December 10, 2010, there was a post from a gamer noting that the gamer previously had seem this sort of button configuration, making reference to the Ryu1999 post from EVO 2009.



h. Applicants posted a reply to the December 10, 2010 post (i.e., "cool boxes, guys") showing that they had seen the post.

i. Almost a year later, Applicants filed their full utility application, disclosing none of the above.

j. In a January 1, 2022, interview, Applicants described how they had been highly active in the gaming community from as far back as 2005/2006 and before; regarding their alleged invention, they stated "clearly there's been keyboard type things out there in the past;" and "People have been making hitboxes on their own forever."

**ANSWER**: **Defendant admits that it filed a provisional application on December 6, 2010, and filed its utility application leading to the 623 Patent within one year of filing its provisional application. The remainder of Paragraph 21 contains disputed factual characterizations and legal conclusions, which Defendant denies.**

22.     Upon information and belief, Applicants made a deliberate decision not to disclose to the examiner this highly material prior art. They did so with the specific intent to deceive the examiner. This is the only reasonable inference that can be drawn from the evidence.

**ANSWER**: **Defendant denies the allegations in Paragraph 22.**

23.     The signing of the inventor's oath that was willfully false makes this an egregious case such that materiality is inferred. Further, upon information and belief, but for the withholding of the highly material prior art as to which Applicants had actual knowledge, the 623 Patent would not have issued.

**ANSWER**: **Plaintiff's allegations in Paragraph 23 contain legal conclusions that Defendant is not required to admit or deny, but to the extent that any response is required, Defendant denies the allegations contained in Paragraph 23.**

24.     This inequitable conduct renders the 623 Patent unenforceable.

**ANSWER**: **Plaintiff's allegations in Paragraph 24 contain legal conclusions that Defendant is not required to admit or deny. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 24.**

### COUNT III: DECLARATORY JUDGEMENT OF
### NON-INFRINGEMENT OF THE 623 PATENT

25.     JFCA hereby incorporates by reference Paragraphs 1-9 of this First Amended Complaint as if asserted herein.

**ANSWER**: **Defendant repeats and restates its responses to Paragraphs 1-24 of the First Amended Complaint as though fully set forth herein.**

26.     Defendant Hit Box's assertions of infringement in the November 9 Letter raise a case and controversy regarding the alleged infringement by JFCA of the claims of the 623 Patent.

**ANSWER**: **Defendant admits that Plaintiff's infringement of the 623 Patent creates a case or controversy. Defendant denies any remaining allegations contained in Paragraph 26.**

27.     Upon information and belief and based on current investigation and assuming a reasonable claim construction, the Snack Box Micro and Snack Box V2

14

products do not infringe the claims of the 623 Patent at least because certain of the right function buttons of both accused products extend in part over the middle boundary, and Snack Box Micro does not have "push buttons."

**ANSWER**: **Defendant denies the allegations contained in Paragraph 16.**

28.     The case and controversy thus should be resolved through a judgment that the Snack Box Micro and Snack Box V2 products do not infringe the claims of the 623 Patent.

**ANSWER**: **Defendant denies the allegations contained in Paragraph 28.**

### COUNT IV: FOR SECTION 285 ATTORNEYS' FEES

29.     JFCA hereby incorporates by reference Paragraphs 1-28 of this Complaint as if asserted herein.

**ANSWER**: **Defendant repeats and restates its responses to Paragraphs 1-28 of the First Amended Complaint as though fully set forth herein.**

30.     The above, and Defendant's baseless counterclaims for willful infringement [Dkt. 8, ¶ 35] and Defendant's misleading infringement claim chart make this an exceptional case – one that stands out from the others as to the weakness of Defendant's case – and an award of attorneys' fees is appropriate under 35 U.S.C. § 285.

**ANSWER: Plaintiff's allegations in Paragraph 30 contain legal conclusions that Defendant is not required to admit or deny. To the extent that a response is required, Defendant denies all allegations contained in Paragraph 30.**

## COUNT V: VIOLATION OF THE GEORGIA
## FAIR BUSINESS PRACTICES ACT

31.    JFCA hereby incorporates by reference Paragraphs 1-9 of this Complaint as if asserted herein.

**ANSWER: Defendant repeats and restates its responses to Paragraphs 1-30 of the First Amended Complaint as though fully set forth herein.**

32.    The Georgia Fair Business Practices Act, O.C.G.A. § 10-1-771, requires that a party asserting charges of infringement provide detailed, factual support for the charges. The letter must provide "[f]actual allegations concerning the specific areas in which the target's products, services, and technology infringe the patent or are covered by the claims in the patent."

**ANSWER: Defendant states that O.C.G.A § 10-1-771 speaks for itself. Defendant denies any other allegations contained in Paragraph 32.**

33.    O.C.G.A. § 10-1-773 provides for a private right of action for violations of Section 771, with remedies including injunctive relief, and general and exemplary damages including punitive damages and expenses of litigation.

**ANSWER: Defendant states that O.C.G.A § 10-1-773 speaks for itself. Defendant denies any other allegations contained in Paragraph 33.**

34.     Defendant's November 9, 2021 Letter violated Section 10-1-771 by failing to provide the requisite factual allegations allegedly supporting the claims of infringement. The objective evidence shows that Hit Box sent the letter in bad faith with intentions of disrupting JFCA's participation in the CEO gaming convention (a major industry convention) and to further Hit Box's goal of monopolizing the market for gaming controllers using all buttons and no joysticks. Further responding to the allegations in Paragraph 17 of the Counterclaims, the following factors from O.C.G.A. § 10-1-771(b) establish that Hit Box sent the letter in bad faith:

1.  The letter failed to provide factual conclusions concerning the specific areas in which the JFCA products allegedly infringed the 623 Patent. The statements were entirely superficial, especially as measured against the numerous limitations of the claims of the 623 Patent. Claim 1 of the 623 Patent is as follows:

    What is claimed is:

    1. A hand operated game controller for controlling a game console, said game controller comprising:

    A. an all-push-button game controller surface being flat and extending horizontally between left and right edges and vertically between top and bottom edges, said left and right edges extending inwardly to a middle boundary line,

    B. said game controller surface including a left hand position extending inwardly from said left edge to said middle boundary line and a right hand position extending

17

inwardly from said right edge to said middle boundary line, said left hand position including four movement push buttons and said right hand position including eight function buttons, each of said buttons having a generally circular shape;

1) said four movement push buttons including a left movement button disposed closest to said left edge, a down movement button disposed between said left movement button and said middle boundary line and being the same distance to said top edge as said left movement button, a right movement button disposed between said down movement button and said middle boundary line and being closer to said bottom edge than said left and down movement buttons, and an up movement button at least partially disposed on said middle boundary line and being closer to said bottom edge than said right movement button, wherein said left, right, and down movement buttons form an arc-shape layout and said up movement button forms an elliptical-shape layout with said arc-shape layout;

2) said eight function buttons including a top row of four function buttons and a bottom row of four function buttons wherein each of said rows of function buttons includes a first function button and a second function button spaced by a pair of middle function buttons, wherein said middle function buttons are disposed closer to said top edge than said first and second function buttons, and wherein said first row of function buttons are disposed vertically and linearly adjacent to said second row of function buttons;

3) said up movement button is positioned below said first function buttons and said right movement button, said first function buttons and said right movement buttons being adjacent to said middle boundary line so that said up movement button can be activated with a user's left-hand thumb or the user's right-hand thumb with the left hand positioned directly over said movement buttons and the right hand positioned directly over said function buttons as described in limitations B.1) and B.2) above; and

C. a connection means between said push buttons and said game console, wherein control signals are sent from said plurality of buttons to said game console via said wireless or wired connection means as said plurality of buttons is pushed by the user.

2. There is no evidence that Hit Box performed a detailed "chart like" analysis of the claims of the 623 Patent in light of JFCA's "Micro" product. The only charts eventually provided related to the V2 controller, which is materially different than the Micro, including but not limited to the fact that the Micro does not have the "arcade type buttons" required by the 623 Patent.

3. Hit Box failed to cure the deficiencies of the November 9, 2021 letter. While Hit Box did provide charts relating to the alleged infringement of the V2 after the November 9 letter, those charts themselves were misleading including in how the centerline was drawn – misdrawn in a way to gerrymander infringement of certain elements of the claims. Furthermore, Hit Box never has provided an element-by element analysis of the claims of the 623 Patent compared to the features and functions of the Micro. The Micro is materially different than the V2, including that the Micro does not utilize the "arcade type buttons" of the 623 Patent. These

and numerous other differences between the V2 and Micro are readily apparent from even a cursory examination of the controllers.

4. The demand letter required a response in an unreasonably short period of time (i.e., 7 days). Seven days simply is insufficient time for a small company, like JFCA, to evaluate charges of patent infringement. Upon information and belief, Hit Box intended to put pressure on JFCA such that JFCA either would not attend the important CEO show, or it would do so hindered in its ability to market JFCA products. JFCA ultimately did not attend CEO given the legal uncertainty. JFCA then filed this declaratory judgment action to resolve the uncertainty and obtain a legal determination that JFCA does not infringe the 623 Patent and the 623 Patent is invalid. JFCA also seeks all appropriate remedies for the Huffers' violation of the Georgia Fair Business Practices Act.

5. Hit Box has not offered to enter into anything but a short-term license, much less a license based on a reasonable estimate of the value of the 623 Patent. Hit Box's intent has always been clear – its goal is to monopolize the market for all button gaming controllers.

6. The claims of infringement of a valid patent are meritless, which Hit Box knew or should have known at the time it made the assertion. Hit Box knew or should have known that the 623 Patent was not valid and enforceable; Hit Box plainly understood that the V2 does not infringe as reflected in the manipulation of the center line in the V2 claim charts; and Hit Box clearly understood the additional reasons that Micro does not infringe (e.g., no arcade types buttons), which have been explained to Hit Box in great detail by prosecution counsel for JFCA.

**ANSWER: Defendant states that the 623 Patent and its claims, the November 9, 2021 Letter, and the claim charts Defendant provided to Plaintiff speak for themselves. Defendant denies all other allegations and legal conclusions contained in Paragraph 34.**

35.     As a proximate result of the Nov. 9 Letter, JFCA has suffered actual damages including but not limited to the time, expense and attorneys' fees incurred in responding to the letter and drafting this Complaint.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of what Plaintiff seeks, but Defendant denies Plaintiff is entitled to any relief.**

### PLAINTIFF'S REQUEST FOR RELIEF

JFCA hereby respectfully requests the following relief:

21

1. A judgment that each claim of the 623 Patent is invalid and unenforceable.

2. A judgment that JFCA's Snack Box Micro and Snack Box V2 do not infringe any claims of the 623 Patent.

3. An award of attorneys' fee under 35 U.S.C. § 285.

4. An injunction against Defendant Hit Box threatening JFCA with claims of infringement of the 623 Patent in the future.

5. Actual damages, under O.C.G.A. § 10-1-773, including but not limited to the time, expense and attorneys' fees incurred in responding to the letter, drafting the Complaint, this First Amended Complaint, and prosecuting the Complaint and First Amended Complaint.

6. Punitive damages.

7. Such other relief as the Court deems just and appropriate.

**ANSWER**: **The remainder of Plaintiff's Complaint, Paragraphs 1 through 6 in Plaintiff's Request for Relief, merely recite a prayer for relief to which no response is required. To the extent any response is required, Defendant denies that Plaintiff is entitled to any remedy for relief.**

## DEMAND FOR JURY TRIAL

JFCA hereby demands a jury trial on all claims appropriate for trial by jury, and a speedy hearing pursuant to Rule 57 of the Federal Rules of Civil Procedure.

**ANSWER**: **Defendant acknowledges Plaintiff's demand and states that it does not dispute Plaintiff's right to a trial by jury on any issue so triable as of right.**

**RESIDUAL DENIAL**: **Defendant denies as untrue each and every allegation of the Complaint that is not specifically admitted above.**

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burden that it would not otherwise bear, and reserving its right to assert additional defenses, Defendant asserts that:

### FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

The Complaint fails, in whole or in part, to state a claim on which relief can be granted.

### SECOND DEFENSE
### (VALIDITY)

Defendant's 623 Patent is valid.

### THIRD DEFENSE
### (INFRINGEMENT)

Plaintiff has infringed one or more claims of Defendant's 623 Patent.

### FOURTH DEFENSE
### (UNCLEAN HANDS)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH DEFENSE
## (NO DAMAGE)

Without admitting that the Amended Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Defendant in the Amended Complaint, and the relief prayed for in the Amended Complaint therefore cannot be granted.

## SIXTH DEFENSE
## (LACK OF IRREPARABLE HARM)

Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendant's actions

Respectfully submitted, this 15th day of April, 2022.

/s/ Franklin M. Smith
Franklin M. Smith
Michigan Bar No. P76987
*Admitted pro hac vice*
DICKINSON WRIGHT PLLC
2600 W. Big Beaver Rd., Suite 300
Troy, Michigan 48084
(248) 433-7393
fsmith@dickinsonwright.com

Steven R. Daniels
Georgia Bar No. 204865
DICKINSON WRIGHT PLLC
607 W. 3rd Street, Suite 2500

Austin, TX 78701
(512) 770-4200
sdaniels@dickinsonwright.com

Zachary L. Pelton
Michigan Bar No. P85197
*Admitted pro hac vice*
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3500
zpelton@dickinsonwright.com

Kevin A. Maxim
Georgia Bar No. 478580
The Maxim Law Firm, P.C.
1718 Peachtree St., N.W., Suite 599
Atlanta, Georgia   30309
(404) 924-4272
kmaxim@maximlawfirm.com

***Attorneys for Defendant/Counterclaimant
Hit Box LLC***

4862-8407-6316 v2 [74428-35]

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

JUNK FOOD CUSTOM ARCADES, LLC

     Plaintiff,

v.

HIT BOX LLC,

     Defendant.

Civil Action No:
**2:21-cv-00262-RWS**

HEREBY CERTIFY on this 15th day of April, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

/s/ Franklin M. Smith
Franklin M. Smith
Michigan Bar No. P76987
*Admitted pro hac vice*
DICKINSON WRIGHT PLLC
2600 W. Big Beaver Rd., Suite 300
Troy, Michigan 48084
(248) 433-7393
fsmith@dickinsonwright.com