**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| JUNK FOOD CUSTOM ARCADES, LLC | |
| Plaintiff, | CIVIL ACTION NO: |
| v. | 2:21-cv-00262-RWS |
| HIT BOX LLC. | |
| Defendant. | |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF**
**NON-INFRINGEMENT, AND MEMORANDUM IN SUPPORT THEREOF**

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION.............................................................................................1

II.  PERTINENT FACTS ........................................................................4

III. ARGUMENT AND CITATION OF AUTHORITY ......................................6

  A.  Legal Standards ...................................................................................6

    1.  *Summary Judgment* ................................................................ 6

    2.  *Infringement Contentions* ..................................................... 8

  B.  Issue #1: No Infringement Of Claim 1 .............................................9

  C.  Issue #2: No Infringement Of Claim 10..........................................13

  D.  Issue #3: No Infringement Of Claim 1 Or Claim 10.................16

  E.  Hit Box's Avoidances Do Not Hold Up Under Scrutiny............................20

    1.  *Hit Box Cannot Correct The Alleged "Error" On Issues 1 And 2* .......... 21

    2.  *Hit Box's Avoidances Regarding Issue 3 Also Fail* ..................................... 22

IV.  CONCLUSION ...........................................................................................23

## TABLE OF AUTHORITIES

**Cases**

*Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) ...............................8

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986)..................................7, 8

*Auction Management Solutions, Inc. v. Manheim Auctions, Inc., et al.,* No. 1:05-cv-0639-RWS, Dkt. 658 at *4-6 (N.D. Ga. March 24, 2009) ...............................6

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ..................................................7

*Hickson Corp. v. N. Crossarm Co., Inc*., 357 F.3d 1256, 1259 (11th Cir. 2004)......7

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986)8

*McKesson Info. Sols. LLC v. Epic Sys. Corp*., 495 F. Supp. 2d 1329, 1332 (N.D. Ga. 2007) ...............................................................................................................8

*Outside the Box Innovations, LLC v. Travel Caddy, Inc*., No. 1:05-CV-02482, 2008 U.S. Dist. LEXIS 123217, at *8 (N.D. Ga. Aug. 26, 2008)..................................22

*Patton v. Triad Guar. Ins. Corp*., 277 F.3d 1294, 1296 (11th Cir. 2002) .................7

*Wahpeton Canvas Co., Inc. v. Frontier, Inc*., 870 F.2d 1546, 1553 & n.9 (Fed. Cir. 1989) .....................................................................................................................5

*Wonderland Nursery Goods Co., Ltd. v. Kids II, Inc.,* No. 1:13-cv-1114, Dkt. 239, *18 (N.D. Ga. 2016) ........................................................................................9, 22

**Rules**

FED. R. CIV. P. 56(c)..................................................................................................7

Local Patent Rule 4.1(b)(3)........................................................................................8

## I.  <u>INTRODUCTION</u>

Declaratory Judgment Plaintiff Junk Food Custom Arcades, LLC ("JFCA") hereby respectfully moves the Court for summary judgment of non-infringement with regard to U.S. Patent No. 10,022,623 ("the 623 Patent"), the remaining patent in the case. Defendant Hit Box LLC ("Hit Box") alleges infringement of the 623 Patent and served its supplemental infringement contentions on 10/31/2023 in compliance with the Court Order (Dkt. 120). These contentions on their face establish as a matter of undisputed fact that Hit Box cannot prove infringement of the two independent claims at issue and thus also necessarily the dependent claims at issue. No discovery can alter what the Court can determine based on its own review of the claim-mapping presented by Hit Box in the supplemental contentions. The non-infringement issues set forth herein are ripe for determination.

In summary, independent claim 1 requires that "said first row of function buttons are disposed vertically and linearly adjacent to said second row of function buttons." However, Hit Box's contentions show that this required relationship between the first and second row of function buttons does not exist. By way of example regarding JFCA's Snack Box V2 (Buttons Only Edition) [1], Hit Box's

---

[1] *See* SUMF NO. 21; EX. A at 13.

contentions show that the alleged "first row of function buttons" (green) is NOT disposed vertically and linearly adjacent to the alleged "second row of function buttons" (red).[2] The alleged rows are in a horizontal relationship to each other and <u>not</u> vertically and linearly adjacent to each other.



Second and relatedly, independent claim 10 requires that "said first row of function buttons is disposed between said second row of function buttons from said top edge." However, Hit Box's contentions show that this required relationship does not exist. By way of example regarding JFCA's Snack Box V2 (Buttons Only Edition)[3], Hit Box's contentions show that the alleged "first row of function

---

[2] The parties agreed the construction for "vertically and linearly adjacent" means "next to and aligned above" and the court adopted the agreed construction. SUMF NO. 3.

[3] *See* SUMF NO. 26; EX. A at 26.

buttons" (green) is NOT disposed between the alleged "second row of function buttons" (red) and the alleged "top edge." Instead, as noted, these alleged rows are in a horizontal relationship to each other.



Finally, independent claims 1 and claim 10 both require "said left and right edges extending inwardly to a middle boundary line." However, Hit Box's contentions totally fail to show how the alleged "left and right edges" extend inwardly to the middle boundary line.[4] By way of example regarding JFCA's Snack Box V2 (Buttons Only Edition) [5], Hit Box merely shows:

---

[4] The parties agreed the construction for "edge" means "the outer perimeter of a surface" and the court adopted the agreed construction. SUMF NO. 10.

[5] *See* SUMF NO. 31, EX. A at 10 and 24.



JFCA presented the above arguments to Hit Box in a detailed letter before filing this motion in hopes of obviating the need for the Court to decide these issues. Hit Box, as discussed more thoroughly below, has no arguments that raise a genuine issue of material fact that would weigh against the grant of this motion. Instead, Hit Box likely will raise certain non-substantive arguments. For instance, in response to JFCA's letter, Hit Box alleged that its color-coded claim mapping in its own supplemental contentions was in "error". There is, however, no basis for these avoidances.

For at least the reasons set forth herein, JFCA respectfully requests the court grant this motion for summary judgment of non-infringement, ending the case.

## II.   PERTINENT FACTS

This is a declaratory judgment action instituted by JFCA against Hit Box. Dkt. 1. The case initially, only involved the 623 Patent; Hit Box added a second patent

4

(the 867 Patent); the Court then determined that the 867 patent is invalid (Dkts. 97, 115); and thus the 623 Patent now is the only patent in dispute. The details of the procedural history of the case are not necessary for the resolution of this motion, but can be found in the recitations of the Court's previous orders. Dkt. 76 at 1-5; Dkt. 97 at 2-6; Dkt. 115 at 2-3.

Hit Box alleges infringement of the 623 Patent. SUMF NOS. 13, 14.  The 623 Patent includes two independent claims: claim 1 and claim 10. SUMF NO. 1.  Hit Box has asserted independent claims 1 and 10, as well as certain dependent claims against certain of the accused products. SUMF NOS. 16-20.  JFCA alleges invalidity of all claims of the 623 Patent. SUMF NO. 11. JFCA also alleges non-infringement of the asserted claims of the 623 Patent. SUMF NO. 12.

Hit Box has accused the following JFCA products of infringement: JFCA Snack Box V2 (Buttons Only Edition) (SUMF NO. 16); JFCA Snack Box V2 Mini (Stickless Edition) (SUMF NO. 17); JFCA Snack Box Micro (SUMF NO. 18); JFCA Snack Box Micro XL (SUMF NO. 19); and JFCA Snack Box Micro LITE (SUMF NO. 20). The summary judgment issues argued herein apply equally to all of the accused products. While the focus of the motion is on the two independent claims, a finding of non-infringement of the independent claims necessarily results in a finding of non-infringement of the dependent claims. *See, e.g., Wahpeton Canvas Co., Inc. v. Frontier, Inc.*, 870 F.2d 1546, 1553 & n.9 (Fed. Cir. 1989).

5

Pursuant to the Court's scheduling order (Dkt. 120), triggered by the Court's denial of Hit Box's motion for reconsideration (Dkt. 115), the parties exchanged supplemental infringement and invalidity contentions on October 31, 2023. Hit Box's unambiguous admissions in these supplemental contentions establish the basis for this summary judgment motion.

While this case is not new, it is in the early stages due to the motion practice. The parties are in the midst of fact discovery. Dkt 120. Holding Hit Box to its supplemental infringement contentions now thus would serve the purpose of the Local Rules – to prevent a "shifting sands" approach to litigation and, indeed, to end the case before the Court and Parties have to expend additional effort on fact discovery, expert discovery, summary judgment practice and trial.

## III.   ARGUMENT AND CITATION OF AUTHORITY

### A. Legal Standards

#### 1.  Summary Judgment[6]

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

---

[6] *See Auction Management Solutions, Inc. v. Manheim Auctions, Inc., et al.,* No. 1:05-cv-0639-RWS, Dkt. 658 at *4-6 (N.D. Ga. March 24, 2009).

law." FED. R. CIV. P. 56(c). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Hickson Corp. v. N. Crossarm Co., Inc*., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986). The applicable substantive law identifies which facts are material. *Id*. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. *Id*. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id*. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Patton v. Triad Guar. Ins. Corp*., 277 F.3d 1294, 1296 (11th Cir. 2002). But the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Allen v. Tyson Foods,*

*Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted); *see also Matsushita*, 475 U.S. at 586 (stating that once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

### 2.  Infringement Contentions

Local Patent Rule 4.1(b)(3) requires the party claiming patent infringement to serve a chart specifically identifying where each element of each asserted claim is found within each Accused Instrumentality.

"The Local Patent Rules have been characterized as an "exercise in forced door closing," in the sense that they force the parties to take infringement and invalidity positions early in the litigation and stick to them." *McKesson Info. Sols. LLC v. Epic Sys. Corp*., 495 F. Supp. 2d 1329, 1332 (N.D. Ga. 2007). Accordingly, "the rules were enacted to elicit the parties' positions on infringement and invalidity early in the case. By requiring the parties to take positions sooner rather than later, the Local Patent Rules discourage gamesmanship and tend to facilitate early resolution of the dispute." *Id.* at 1332.

"The patent local rules were adopted by this district in order to give claim

charts more 'bite.' The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed. … Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction and ensure that litigants put all their cards on the table up front." *Wonderland Nursery Goods Co., Ltd. v. Kids II, Inc.,* No. 1:13-cv-1114, Dkt. 239, *18 (N.D. Ga. 2016) (internal citation omitted).

### B. Issue #1: No Infringement Of Claim 1

As shown and explained below, none of the accused products infringe claim 1 which requires "said first row of function buttons are disposed vertically and linearly adjacent to said second row of function buttons." *See* SUMF NOS. 2-3, 21-25.

Based on Hit Box's 10/31/2023 Infringement Contentions, Hit Box cannot show that the identified "first row of function buttons" (green) is disposed vertically and linearly adjacent to the identified "second row of function buttons" (red) for any of the accused products.[7] As such, Hit Box cannot show that the accused products include each and every limitation of claim 1.

---

[7] "Vertically and linearly adjacent" means "next to and aligned above." SUMF NO. 3.



Snack Box V2 (Buttons Only Edition):
The "first row of function buttons" (green) is NOT disposed vertically and
linearly adjacent to the "second row of function buttons" (red)

*See* SUMF NO. 21; EX. A at 13



Snack Box V2 Mini (Stickless Edition):
The "first row of function buttons" (green) is NOT disposed vertically and
linearly adjacent to the "second row of function buttons" (red)

*See* SUMF NO. 22; EX. A at 35

10



Snack Box Micro:
The "first row of function buttons" (green) is NOT disposed vertically and linearly adjacent to the "second row of function buttons" (red)

*See* SUMF NO. 23; EX. A at 57



Snack Box Micro XL:
The "first row of function buttons" (green) is NOT disposed vertically and linearly adjacent to the "second row of function buttons" (red)

*See* SUMF NO. 24; EX. A at 77

11



Snack Box Micro LITE:
The "first row of function buttons" (green) is NOT disposed vertically and
linearly adjacent to the "second row of function buttons" (red)

*See* SUMF NO. 25; EX. A at 97

Based on Hit Box's 10/31/2023 Infringement Contentions, JFCA respectfully requests that the Court grant this motion for summary judgment of non-infringement of claim 1 and all asserted claims that depend therefrom. As further discussed below in Section III.E., summary judgment is appropriate at least because Hit Box's 10/31/2023 Infringement Contentions are the operative contentions and there is no good cause to excuse Hit Box's alleged "error" in the face of impending summary judgment.

### C. Issue #2: No Infringement Of Claim 10

As shown and explained below, none of the accused products infringe claim 10 which requires "said first row of function buttons is disposed between said second row of function buttons from said top edge." *See* SUMF NOS. 6, 26-30.

Based on Hit Box's 10/31/2023 Infringement Contentions, Hit Box cannot show that the identified "first row of function buttons" (green) is disposed between the identified "second row of function buttons" (red) and the identified "top edge" for any of the accused products. As such, Hit Box cannot show that the accused products include each and every limitation of claim 10.



Snack Box V2 (Buttons Only Edition):
The "first row of function buttons" (green) is NOT disposed between the "second row of function buttons" (red) and the "top edge"

*See* SUMF NO. 26; EX. A at 26



Snack Box V2 Mini (Stickless Edition):
The "first row of function buttons" (green) is NOT disposed between the "second row of function buttons" (red) and the "top edge"

*See* SUMF NO. 27; EX. A at 48



Snack Box Micro:
The "first row of function buttons" (green) is NOT disposed between the "second row of function buttons" (red) and the "top edge"

*See* SUMF NO. 28; EX. A at 70

14



Snack Box Micro XL:
The "first row of function buttons" (green) is NOT disposed between the "second row of function buttons" (red) and the "top edge"

*See* SUMF NO. 29; EX. A at 90



Snack Box Micro LITE:
The "first row of function buttons" (green) is NOT disposed between the "second row of function buttons" (red) and the "top edge"

*See* SUMF NO. 30; EX. A at 108

Based on Hit Box's 10/31/2023 Infringement Contentions, JFCA respectfully requests that the Court grant this motion for summary judgment of non-infringement of claim 10 and all asserted claims that depend therefrom. As further discussed below in Section III.E., summary judgment is appropriate at least because Hit Box's 10/31/2023 Infringement Contentions are the operative contentions and there is no good cause to excuse Hit Box's alleged "error" in the face of impending summary judgment.

### D. Issue #3: No Infringement Of Claim 1 Or Claim 10

As shown and explained below, none of the accused products infringe claim 1 or claim 10 which require "said left and right edges extending inwardly to a middle boundary line." *See* SUMF NOS. 9-10, 31-35.

Based on Hit Box's 10/31/2023 Infringement Contentions, Hit Box cannot show that the identified "left and right edges" extend inwardly to the identified "middle boundary line" for any of the accused products.[8] Hit Box made no attempt to explain how the identified "left and right edges" could possibly meet this limitation. Indeed, while Hit Box color-coded other diagrams in an effort to explain its infringement theory, it makes no such effort here. Hit Box provided no narrative explanation either.

---

[8] "Edge" means "the outer perimeter of a surface." SUMF NO. 10.

Each of the accused products includes flat edges. In particular, each of the identified "left and right edges" are flat edges that extend vertically along the Y-axis. The identified "left and right edges" do not extend inwardly to the identified "middle boundary line". As such, Hit Box cannot show that the accused products include each and every limitation of claims 1 and 10.



Snack Box V2 (Buttons Only Edition):
The "left and right edges" do NOT extend inwardly to the "middle boundary line"

*See* SUMF NO. 31; EX. A at 10 and 24

17



Snack Box V2 Mini (Stickless Edition):
The "left and right edges" do NOT extend inwardly to the "middle boundary line"

*See* SUMF NO. 32; EX. A at 32 and 46



Snack Box Micro:
The "left and right edges" do NOT extend inwardly to the "middle boundary line"

*See* SUMF NO. 33; EX. A at 54 and 68

18



Snack Box Micro XL:
The "left and right edges" do NOT extend inwardly to the "middle boundary line"

*See* SUMF NO. 34; EX. A at 74 and 88



Snack Box Micro LITE:
The "left and right edges" do NOT extend inwardly to the "middle boundary line"

*See* SUMF NO. 35; EX. A at 94 and 106

Based on Hit Box's 10/31/2023 Infringement Contentions, JFCA respectfully requests that the Court grant this motion for summary judgment of non-infringement of claims 1 and 10 and all asserted claims that depend therefrom. Hit Box has provided no substantive explanation as to how any of its contentions show the "left and right edges" extend inwardly to the "middle boundary line" for any of the accused products. Hit Box cannot show infringement of this limitation.

As set forth below in Section III.E, the explanations Hit Box has provided for avoiding summary judgment on this issue fail to hold up under scrutiny.

### E. Hit Box's Avoidances Do Not Hold Up Under Scrutiny

On 11/14/2023, JFCA served a letter on Hit Box, informing Hit Box of its intention to file the subject motion based on Hit Box's 10/31/2023 Infringement Contentions. EX. C. JFCA attempted to obviate the need for court intervention based on the undisputed material facts outlined herein. JFCA expected Hit Box to withdraw its counterclaim for infringement without motion briefing, to conserve the resources of the court and the parties.

On 11/17/2023, Hit Box responded to JFCA's letter, suggesting it was entitled to serve "corrected infringement contentions" that would avoid summary

judgment issues 1 and 2 above. EX. D.[9] Hit Box also provided various avoidances for summary judgment issue 3, though never actually explained how its supplemental contentions establish infringement of this limitation. These avoidances do not stand up under scrutiny.

### 1. Hit Box Cannot Correct The Alleged "Error" On Issues 1 And 2

Hit Box's 10/31/2023 Infringement Contentions are the operative contentions. There was no ambiguity in the color-coded claim mapping in Hit Box's 10/31/2023 Infringement Contentions, as shown above. *See also* EX. A at 13, 26, 35, 48, 57, 70, 77, 90, 97, 108 (color-highlighted claim language corresponding to color-coded identification of claim elements). Indeed, Hit Box's 10/31/2023 Infringement Contentions added two, new accused products. Hit Box failed to correct this alleged "error" when charting the two new accused products. *See* SUMF NO. 15. This fact alone makes clear that Hit Box there was no real mistake. Hit Box cannot be rewarded. The consequences were foreseeable.

Hit Box cannot be allowed to pursue a "shifting sands" approach to

---

[9] JFCA notes that the responsive letter is dated 11/16/2023, though it was not served until 11/17/2023. The "corrected infringement contentions" were not served as an attachment to the responsive letter, and only presented as documents in Microsoft Word format. There was no cover page identifying documents as "Amended Infringement Contentions" and no explanation of diligence/good cause justifying amendment.

infringement in the face of impending summary judgment. Additionally, Hit Box has not moved the court for leave to amend its contentions. And Hit Box cannot establish good cause to amend its contentions.[10] As a result, summary judgment is appropriate. Hit Box is not entitled to a "do over". Denying this motion would go against the principles of the Local Patent Rules requiring parties to crystalize their theories early in the litigation and adhere to those theories once they've been disclosed.

### 2. *Hit Box's Avoidances Regarding Issue 3 Also Fail*

Hit Box made no attempt to correct its 10/31/2023 Infringement Contentions or otherwise explain the bases for its contentions with respect to summary judgment issue 3. JFCA is not making a claim construction argument as the plain

---

[10] "Courts have interpreted Local Patent Rule 4.5(b) to require a showing of 'good cause' ... The burden to make this showing is on the amending party." *Outside the Box Innovations, LLC v. Travel Caddy, Inc*., No. 1:05-CV-02482, 2008 U.S. Dist. LEXIS 123217, at *8 (N.D. Ga. Aug. 26, 2008). There are no changed circumstances that would support a finding of good cause: there was no adverse claim construction ruling, no newly discovered evidence, and no excuse for Hit Box to set forth a new theory of infringement. Courts have noted that FED. R. CIV. P. 26 "must be considered with the policy of the Local Patent Rules requiring parties to take infringement and invalidity positions early in the litigation and stick to them. This exception could otherwise swallow the Rule encouraging "gamesmanship" and "shifting sands" with regard to a party's positions." *Wonderland Nursery Goods Co., Ltd. v. Kids II, Inc*., No. 1:13-cv-1114, Dkt. 239, *20 (N.D. Ga. 2016).

and ordinary meaning of the phrase "said left and right edges extending inwardly toward a middle boundary line" is clear from the claim language and the Claim Construction Order. JFCA is making a non-infringement argument. Hit Box continues to fail to identify how the identified edges are "extending inwardly toward a middle boundary line" and JFCA does not believe there are any disputed facts that would prevent a summary judgment ruling from the court on this issue.

## IV.    **CONCLUSION**

In view of the foregoing, JFCA respectfully requests the court grant this motion.


Respectfully submitted this 1st day of December, 2023.

CHERIAN LLP

*/s/* John L. North
John L. North (Georgia Bar No. 545580)
1930 Morrison Dr.
Decatur, Georgia 30033
Telephone: (202) 838-1570
Email: johnn@cherianllp.com

*Attorney for Plaintiff*

## <u>CERTIFICATION STATEMENT</u>

I hereby certify that the foregoing is in compliance with the type, form, and format requirements of N.D.Ga. Local Rules 5.1, 7.1, and 56.1.

Respectfully submitted this 1st day of December, 2023.

By:    */s/ John L. North*
John L. North
Georgia Bar No. 545580

*Attorney for Plaintiff*

24

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| JUNK FOOD CUSTOM ARCADES, LLC<br><br>     Plaintiff,<br><br>          v.<br><br>HIT BOX LLC.<br>     Defendant. | CIVIL ACTION NO:<br>2:21-cv-00262-RWS |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 1st day of December, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

By:    */s/ John L. North*
           John L. North
           Georgia Bar No. 545580

           *Attorney for Plaintiff*